UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:17-cr-65-T-35-TGW
18 U.S.C. § 922(g)(1)
21 U.S.C. § 841(a)(1)

RARZELL WHITE, JR.

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about August 11, 2016, in the Middle District of Florida, the defendant,

RARZELL WHITE, JR.,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Delivery of Cocaine, on or about February 11, 2009

2. Possession of Cocaine, on or about February 11, 2009

3. Possession of Cocaine, on or about February 11, 2009

4. Delivery of Cocaine, on or about March 1, 2006

5. Possession of Cocaine, on or about March 1, 2006

6. Burglary of a Dwelling, on or about March 1, 2006

7. Grand Theft, on or about March 1, 2006

8. Grand Theft of a Motor Vehicle, on or about June 14, 2005,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Springfield firearm and Remington ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT TWO

On or about September 27, 2016, in the Middle District of Florida, the defendant,

RARZELL WHITE, JR.,

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

On or about October 3, 2016, in the Middle District of Florida, the defendant,

RARZELL WHITE, JR.,

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved 50 grams or more of a

mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(B).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

## COUNT FOUR

On or about October 3, 2016, in the Middle District of Florida, the defendant,

RARZELL WHITE, JR.,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Delivery of Cocaine, on or about February 11, 2009
2. Possession of Cocaine, on or about February 11, 2009
3. Possession of Cocaine, on or about February 11, 2009
4. Delivery of Cocaine, on or about March 1, 2006
5. Possession of Cocaine, on or about March 1, 2006
6. Burglary of a Dwelling, on or about March 1, 2006
7. Grand Theft, on or about March 1, 2006
8. Grand Theft of a Motor Vehicle, on or about June 14, 2005,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Springfield firearm and Winchester

ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4. The property to be forfeited includes, but is not limited to, the following: two Springfield firearms and Remington and Winchester ammunition.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Taylor G. Stout
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and Gangs Section

*T:\\_Cases\Criminal Cases\W\White Jr., Rarzell_2016R02531_TGS\p_indictment.docx*

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

RARZELL WHITE, JR.

## INDICTMENT

Violations:

18 U.S.C. § 922(g)(1)
21 U.S.C. § 841(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 15th day

of February, 2017.

_____
Clerk

Bail $_____